IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARTY JOHN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-107 |
| ) | |
| LYNN SHEFFIELD; DODGE COUNTY ) | |
| CORRECTIONAL INSTITUTION; ) | |
| DODGE COUNTY SHERIFF'S ) | |
| OFFICE; RHETT WALKER, Clerk, ) | |
| Dodge County Superior Court; ) | |
| BELINDA THOMAS, Clerk, Telfair ) | |
| Superior Court; and CHRIS STEVENSON, ) | |
| Telfair County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |

_____

**O R D E R**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights case. On January 12, 2016, the Court directed Plaintiff to pay an initial partial filing fee of $6.00 within thirty days of the date of the Order and advised him that all prisoners, even those proceeding *in forma pauperis*, must pay the filing fee of $350.00 in full. See 28 U.S.C. § 1915(b)(1). The time for complying with the Court's January 12th Order has now expired, yet Plaintiff has failed to pay the assessed initial partial filing fee as required by the relevant provisions of the United States Code.

Under the Prison Litigation Reform Act ("PLRA"), prisoners granted *in forma pauperis* status must, when funds are available, prepay at least a partial filing fee. 28 U.S.C.

§ 1915(b)(1)-(2). Courts may not except indigent prisoners from prepaying this partial filing fee. See id.; see also Rivera v. Allin, 144 F.3d 719, 722 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); Martin v. United States, 96 F.3d 853, 856 (7th Cir. 1996) (insisting, whenever feasible, on payment in advance of initial filing fee in every civil action covered by the PLRA). Thus, Plaintiff shall have fourteen days from the date of this Order to inform the Court of his intentions regarding this case by complying with the Court's Order directing payment of an initial filing fee of $6.00 or by showing the Court why he has not complied with the Order directing the payment.[1]

If Plaintiff notifies the Court that he has decided not to pursue his case and wishes to voluntarily dismiss his complaint at this time, then the case will not count as a "strike" which may later subject Plaintiff to the three-strike dismissal rule under 28 U.S.C. § 1915(g). It is important that Plaintiff communicate with the Court.

SO ORDERED this 18th day of February, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The **CLERK** is **DIRECTED** to immediately inform the Court of any payment of the initial filing fee which is received from Plaintiff.